UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANGEL LUIS HERNANDEZ,                           :

                     Plaintiff,        :

               -against-            :     **MEMORANDUM AND ORDER**

SGT. CHARLES RODRIGUEZ # 1502,           :     13-cv-9162-LTS-KNF
P.O. RANDY TORRES # 18633, P.O.
POMPONIO # 2419, AND DETECTIVE           :
SUSAN BARBATO # 6084,
                    Defendants.    :
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The plaintiff, proceeding pro se, brought this action for damages pursuant to 42 U.S.C. § 1983. He alleges he suffered injuries, while incarcerated, after he was "punched and kicked while lying handcuffed on the floor as well as standing up," and the defendants took turns kicking him in the back and fist-punching him in the face. The plaintiff asserts that his face was swollen and his back and ribs were injured, "while I laid handcuffed on the ground . . . in a separate confinement for about two days." The plaintiff alleges that he visited the medical unit and complained about his back and rib pain and was given "painkillers and [an] extra mattress for back pain." According to the plaintiff, he did not file any grievance with prison officials because he did not know that he "had to file a grievance first." Before the Court is the plaintiff's application for the court to appoint counsel to assist him in prosecuting this action. The plaintiff contends he needs counsel because he "cannot afford to pay for a lawyer."

      "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). "In deciding whether to appoint counsel, . . . the [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Once this threshold is met, the court then considers other

criteria "such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (citing Hodge, 802 F.2d at 61-62).

To state an Eighth Amendment excessive force claim, an inmate must plead facts tending to show that: (1) "the injury actually inflicted [was] sufficiently serious to warrant Eighth Amendment protection"; and (2) the defendants [had] "the necessary level of culpability, [demonstrated] by actions characterized by 'wantonness.'" Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999) (citations omitted). The Prison Litigation Reform Act of 1995 provides that a prisoner cannot bring an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011).

Although the plaintiff alleges he was injured when the defendants kicked and punched him, his allegations do not appear to suggest that the injuries he actually suffered are sufficiently serious to warrant Eighth Amendment protection. The complaint does not appear to contain sufficient factual matter to state a claim for relief plausible on its face. Moreover, the plaintiff's claim appears to be barred by his failure to exhaust administrative remedies. Accordingly, since the plaintiff's position does not seem to be likely of substance, his request for the court to appoint counsel to assist him, Docket Entry No. 11, is denied.

Dated: New York, New York
      June 17, 2014

Copies mailed to:

Angel Luis Hernandez

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

2