UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

ANGEL LUIS HERNANDEZ,

        Plaintiff,

    -v-                                    No.  13CV9162-LTS

CITY OF NEW YORK, NYC DEPT. OF
POLICE, CHARLES RODRIGUEZ, RANDY
TORRES, VINCENT POMPONIO, SUSAN
BARBATO,

        Defendants.

------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Pro se Plaintiff Angel Hernandez ("Hernandez" or "Plaintiff"), currently incarcerated at the Coxsackie Correctional Facility, brings this action against the City of New York (the "City"), the New York City Police Department (the "NYPD"), Sergeant Charles Rodriguez ("Rodriguez"), Police Officer Randy Torres ("Torres"), Police Officer Vincent Pomponio ("Pomponio") and Detective Susan Barbato ("Barbato") alleging, inter alia, that he was subject to excessive force, labeled as a sex offender when he was taken into custody and before he was indicted for any such crime, and had false statements attributed to him. Defendants have moved for partial summary judgment, construing Plaintiff's complaint as asserting claims of false arrest, malicious prosecution and excessive use of force pursuant to 42 U.S.C. § 1983 ("Section 1983").  Defendants Torres and Barbato seek summary judgment dismissing Plaintiff's claims of false arrest and malicious prosecution.  The NYPD seeks dismissal of the claims against it because it is not a suable entity, and the City seeks dismissal of

Plaintiff's claims against it as insufficient to support municipal liability for the alleged police misconduct.  Defendants further argue that the claims against Defendants Pomponio and Rodriguez should be dismissed for lack of proper service of process.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

The Court has reviewed the parties' submissions carefully and, for the reasons set forth below, all of Plaintiff's claims other than the excessive force claim are dismissed as against all Defendants, all claims are dismissed as against the NYPD and the City, all claims against Defendant Barbato are dismissed, and the motion to dismiss claims against Defendants Pomponio and Rodriguez for lack of service is denied as moot.

<u>BACKGROUND</u>

The following facts are material to this motion practice and are undisputed unless otherwise indicated.  On February 26, 2013, Hernandez, while in police custody, was involved in a physical altercation with Pomponio, Torres and Rodriguez.  (<u>See</u> Defs. 56.1 St. ¶ 2; Am. Compl. at 4.)  Following the altercation, Hernandez was arrested and charged with Rape in the First Degree, Sexual Abuse, Assault in the Second Degree, and Strangulation.  (<u>See</u> Defs. 56.1 St. ¶ 3.)  On December 5, 2013, Hernandez pleaded guilty to Attempted Rape in the First Degree, Assault in the Second Degree, and Aggravated Sexual Abuse in the Second Degree, in New York County Supreme Court.  (<u>See</u> <u>id.</u> ¶ 4; Certificate of Disposition (docket entry no 84-3).)  He was sentenced principally to 14 years of imprisonment.  (Certificate of Disposition.)

On December 27, 2013, Hernandez filed the instant suit, principally claiming police brutality in connection with the physical altercation on February 26, 2013, and naming

Torres, Barbato, Pomponio and Rodriguez as Defendants.  On October 24, 2014, Plaintiff filed

an Amended Complaint, adding the NYPD and the City as Defendants.  (See Am. Compl.,

Docket Entry No. 36, at ECF p. 1.)  Hernandez alleges that Pomponio, Torres and Rodriguez

punched and kicked him, that Barbato "lied on her report that I said things I know I didn't say

about my case" and that the precinct "had me on computer as sex offender without me being

indicted yet."  (See id. at ECF p. 4.)  In the Amended Complaint, Hernandez seeks $160,000 in

damages for "pain and suffering" as a result of "beating the cops gave me" and "for putting me

on the sex offender status in the system without even being indicted yet my life was in danger."

(Id.)

    On January 19, 2016, Defendants filed a motion for partial summary judgment.

Plaintiff has filed several papers in opposition.  On February 28, 2016, Plaintiff filed

affirmations and a letter in opposition to the summary judgment motion, in which he alleges that

the arresting officers beat him while he was handcuffed but states, among other things, that "I

never stated that I was falsely arrested.  I never stated that it wasn't me that committed the crime.

I plead guilty to the crime . . .  My issue is that one of the officers took statements from me while

I was on O.D. of PCP when I committed the crime without a lawyer even present."  (See Docket

Entry No. 94, at ECF pp. 3, 4.)  Plaintiff further states that "I don't ever remember talking to

Officer Barbato and those statement were used against me . . . if she got a statement from me it

was done illegally and I find that to be a malicious act on her part.  She knew I had no lawyer

present."  (Id. at ECF p. 4.)  He asserts that the statements were "used against me in my case and

probably got me a lot more time than I should [have] received."  (Id.)  On March 9, 2016,

Plaintiff filed a second set of opposition papers, in which he principally complains that certain

discovery has not been provided to him and asserts that the allegedly false statement made by

Barbato "pro[bably] got me an extra . . . 5 years when judge read it." (<u>See</u> Docket Entry No.

104, at ECF p. 5.)  On April 29, 2016, Plaintiff filed another set of opposition papers, in which

he principally reiterates his contentions that Barbato wrote a statement containing things he did

not say, that he did not have a lawyer present when he allegedly made those statements, and that

he "was on overdose of PCP of Angel Dust and these people took advantage of the situation."

(<u>See</u> Docket Entry No. 113, at ECF p. 8.)  In a further October 12, 2016, filing, he argued that

the case should not be dismissed for lack of proper service.  (<u>See</u> Docket Entry No. 122.)

   Barbato and Torres were served on April 15 and April 17, 2014, respectively;

service was attempted unsuccessfully on Pomponio, and Rodriguez was not served prior to the

initiation of this motion practice.  (<u>See</u> Docket Entry Nos. 13-14, 16.)  Both Pomponio and

Rodriguez were properly served on June 1, 2016, following a court ordered extension.  (<u>See</u>

Docket Entry No. 106.)

<u>DISCUSSION</u>

   Summary judgment is appropriate when, construing the evidence in the light most

favorable to the non-moving party, there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp.</u>

<u>v. Catrett</u>, 477 U.S. 317, 322 (1986).  A fact is considered material if "it might affect the

outcome of the suit under the governing law," and a dispute of fact is genuine where "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Rojas v.</u>

<u>Roman Catholic Diocese of Rochester</u>, 660 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks

and citation omitted).  The opposing party bears the burden of establishing a genuine issue of

fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1); see also

Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  In determining whether there are genuine

issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible

factual inferences in favor of the party against whom summary judgment is sought."  Johnson v.

Killian, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citation omitted).

   The submissions of a pro se plaintiff are to be read liberally and interpreted to

raise the strongest arguments they suggest.  Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)

(citation omitted).  At the same time, the Court cannot read into pro se submissions claims that

are not "consistent" with a pro se litigant's allegations and pro se status does not exempt a party

from compliance with relevant rules of procedural and substantive law.  See Triestman v.

Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and

citation omitted).  Here, Plaintiff has not responded directly to any of Defendant's legal

arguments, but has submitted three sets of opposition papers in which he proffers additional facts

and generally argues that Defendants' conduct was wrongful.


Claims Against Torres and Barbato

   Torres and Barbato move for partial summary judgment with respect to Plaintiff's

claims for false arrest and malicious prosecution on the basis that his convictions establish

probable cause for the arrest and prosecution, and that his Section 1983 claims are precluded by

those convictions, which have not been overturned.  Because the only allegations regarding

conduct by Barbato relate to statements, rather than the excessive force incident, Defendants

seek the dismissal of all claims against her.  (Def. Mem., Docket Entry No. 84, at ECF p. 12.)

They do not seek dismissal of Plaintiff's excessive force claim against Defendant Torres, who is

alleged to have participated in beating and kicking Plaintiff.

        Probable cause to arrest is a complete defense to an action for false arrest under

Section 1983.  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1994) (internal quotation marks and

citation omitted).  In general, probable cause exists when officers "have knowledge or

reasonably trustworthy information of facts and circumstances that are sufficient to warrant a

person of reasonable caution in the belief that the person to be arrested has committed or is

committing a crime." Weyant, 101 F.3d at 852 (internal quotation marks and citation omitted).

The Second Circuit has adopted the common-law rule, applicable to actions asserting false arrest

or malicious prosecution, that the plaintiff "can under no circumstances recover if he was

convicted of the offense for which he was arrested."  Cameron v. Fogarty, 806 F.2d 380, 387 (2d

Cir. 1986) (internal quotation marks omitted).  In other words, "[w]here a plaintiff has been

convicted of the offense for which he was arrested, we have in effect accepted the fact of that

conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in

the lawfulness of the arrest." See id. at 388. (citation omitted).  Therefore, because Plaintiff

pleaded guilty and was convicted of the crimes with which he was charged, his false arrest claim

must fail as a matter of law.

        To prevail on a Section 1983 claim for malicious prosecution, a plaintiff must

show a violation of his rights under the Fourth Amendment and establish the elements of a

malicious prosecution claim under state law.  Mangeaniello v. City of New York, 612 F.3d 149,

161 (2d Cir. 2010) (internal quotation marks and citation omitted).  To establish a claim of

malicious prosecution under New York law, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (citation omitted).

Here, Plaintiff plainly cannot prove the second element—a termination of the criminal proceeding against him in his favor—because he pleaded guilty and was convicted of the crimes charged. Furthermore, the convictions themselves, which have not been overturned or vacated, preclude his claims for money damages under Section 1983. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("A Section 1983 action seeking money damages is not cognizable if a favorable decision would necessarily imply the invalidity of a conviction or sentence unless such a sentence has previously been invalidated.") Accordingly, Torres and Barbato's motion for partial summary judgment on Hernandez's false arrest and malicious prosecution claims is granted. To the extent Plaintiff is seeking damages on the theory that alleged false statements by Barbato resulted in a longer sentence than he might otherwise have received for the crimes to which he pleaded guilty, the fact that his sentence has not been overturned or shortened similarly precludes his claim. See Zarro v. Spitzer, 274 F. App'x 31, 35 (2d Cir. 2008) (prosecutor's allegedly false statements prejudicial to defendant in trial barred by Heck); see also Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) (affirming dismissal of claims that police officers committed perjury pursuant to Heck because defendant's conviction had not been independently invalidated). Moreover, Plaintiff's allegations that Barbato made false statements cannot support a denial of fair trial claim because it is his guilty plea, and not the allegedly fabricated statements,

that caused the deprivation of liberty.  See Barmpov v. Barry, No. 09CV3390, 2011 WL 32371, at *6 (E.D.N.Y. Jan. 5, 2011).

Although Plaintiff also alleges generally that his life was endangered as a result of his designation as a sex offender in the NYPD computer system prior to his indictment, Plaintiff has presented no facts showing he actually suffered an injury or any other harm or burden as a result that would constitute an unconstitutional deprivation of liberty or property.  See Paul v. Davis, 424 U.S. 693, 701-10 (1976) (holding that damage to an individual's reputation can constitute a due process violation when, inter alia, the individual demonstrates some tangible and material state-imposed burden or alteration of a status or right previously recognized by state law).

Plaintiff's additional allegations that he was high and had no attorney present at the time statements were taken from him are also insufficient to support a viable Section 1983 claim.  It is well established that the remedy for any statements obtained in violation of a defendant's Fifth Amendment right against self-incrimination is the exclusion of such evidence from trial, not money damages under Section 1983.  See Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995).  To the extent that Plaintiff is also attempting to assert a Sixth Amendment claim for violation of his right to counsel, the claim fails because such a right does not attach until a prosecution is commenced by way of a formal charge, preliminary hearing, indictment, information or arraignment.  McNeil v. Wisconsin, 501 U.S. 171, 175 (1991) (citation omitted).  Plaintiff's allegations relate to questioning at the police station which, by Plaintiff's own account, occurred prior to the filing of any formal charges .  (See Am. Compl. at ECF p. 4.)  To the extent Plaintiff is attempting to assert Fifth and Sixth Amendment claims, he has not alleged facts that properly support such claims.

Accordingly, Defendants have demonstrated that Defendant Torres is entitled as a matter of law to summary judgment dismissing all claims against him other than Plaintiff's excessive force claim.  Defendant Barbato is entitled as a matter of law to summary judgment dismissing all of Plaintiff's claims against her.

Claims Against Pomponio and Rodriguez

Defendants Pomponio and Rodriguez moved for summary judgment with respect to all of Plaintiff's claims against them, arguing that Hernandez failed to effectuate service upon them properly by February 23, 2015, within the prescribed 120-day time period pursuant to Federal Rule of Civil Procedure 4(m).

On March 18, 2016, Magistrate Judge Kevin Nathaniel Fox issued an Order directing the Clerk of Court to provide Plaintiff the requisite forms to permit the United States Marshals Service to effectuate service on Pomponio and Rodriguez and granting an extension of the deadline until June 15, 2016.  (See Docket Entry No. 106.)  Pomponio and Rodriguez were served on June 1, 2016.  (See Docket Entry Nos. 118-119.)  Therefore, the Court denies Defendants' motion as moot to the extent it seeks dismissal of the claims against Pomponio and Rodriguez for lack of service.

However, because Plaintiff has not demonstrated that he has any legally viable claims other than his excessive force claim, the Court dismisses all of Plaintiff's claims against Defendants Pomponio and Rodriguez, other than the excessive force claim, sua sponte.

Claims Against the NYPD

   The NYPD moves for summary judgment with respect to all claims, arguing that, as an agency of the City, it is a non-suable entity.  It is well settled by statute and case law that the NYPD is a non-suable agency of the City, and may not, by law, properly be named as a party to a lawsuit.  See N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law"); see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (affirming the district court's finding that the NYPD is a non-suable agency of the City).  Because the NYPD is an agency of the City and therefore a non-suable entity, the NYPD's motion for summary judgment on all claims is granted.

Claims Against the City of New York

   The City moves for summary judgment with respect to all claims, arguing that it cannot be held liable as a "person" within the meaning of 42 U.S.C. § 1983 because Hernandez has not alleged facts demonstrating that the City, as a municipality, was directly at fault for the injuries being alleged.  Under the doctrine established by the Supreme Court in Monell v. Department of Social Services, a municipality cannot be held liable under § 1983 unless a plaintiff establishes that the municipality itself was at fault pursuant to its own policy or custom. 436 U.S. 658, 691 (1978).  A plaintiff must prove the existence of a municipal policy or custom that demonstrates the municipality took some action that caused his injuries, and must establish a causal connection between the policy and deprivation of his constitutional rights.  Oklahoma

City v. Tuttle, 471 U.S. 808, 813 (1985).  Here, Hernandez has merely listed the City in the

caption of his Amended Complaint and alleged that the City is responsible for making sure that

officers of the NYPD do their jobs.  (See Docket Entry No. 36.)  Hernandez has not, however,

provided evidence or allegations that could support a finding that his injuries were caused by any

specific policy or custom of the City.  Therefore, the Court grants City of New York's motion

for summary judgment on all claims.


CONCLUSION

Defendants' motion for summary judgment is denied to the extent it sought

dismissal of the claims against Defendant Pomponio and Rodriguez for lack of service, but is

granted in all other respects.  Therefore, all claims against Defendant Torres, except the

excessive force claim, are dismissed.  All claims against Defendant Barbarto, the NYPD and the

City of New York are dismissed.  In addition, the Court, sua sponte, dismisses all claims against

Defendants Pomponio and Rodriguez, except for the excessive force claim.

Defendants Pomponio and Rodriguez must file an answer to the Amended

Complaint, addressing the excessive force claim, by **April 24, 2017**.

Magistrate Judge Fox is requested to convene a conference promptly to discuss

settlement of the remaining claim against Defendants Torres, Pomponio and Rodriguez.  The

case remains referred to Judge Fox for General Pre-trial Management.

The final pre-trial conference is adjourned to **September 22, 2017, at 12:00 p.m.**

This Memorandum Opinion and Order resolves Docket Entry No. 80.

SO ORDERED.

Dated: New York, New York
          March 24, 2017

                                                     /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  United States District Judge

A copy of this order has been mailed to:

Angel Hernandez
14-A-1308
Coxsackie Correctional Facility
E-52-32
P.O. Box 999
E-1, 5 Cell
Coxsackie, NY 12051-0999